UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFSHIN TIRAIE,<br>        Plaintiff,<br>    v.<br>GAVILAN JOINT COMMUNITY COLLEGE DISTRICT,<br>        Defendant. | Case No. 18-cv-06727-SVK<br><br>**ORDER REGARDING THE PARTIES' PROTECTIVE ORDER DISPUTE**<br><br>Re: Dkt. No. 42 |

In connection with the Court's June 13, 2019 order granting Plaintiff's Federal Rule of Civil Procedure 56(d) request for additional discovery to oppose Defendant's summary judgment motion, the Court ordered Defendant to prepare a protective order for Plaintiff's approval based upon the District's model. ECF 39 at 1–2. The Parties now dispute a proposed addition to the model protective order made by Defendant. ECF 42.

As an initial matter, Plaintiff failed to appear for a telephonic discovery hearing set for June 26, 2019. ECF 45. After contacting Plaintiff, the Court attempted to schedule another telephonic hearing, but Plaintiff was "unavailable." The Court notes that Plaintiff initiated this case and, not withstanding his pro se status, has an obligation to appear at Court-set hearings. In the interest of insuring that the Parties have sufficient time to meet the deadlines set forth in ECF 41, the Court addresses this matter without oral argument pursuant to Civil Local Rule 7-1(b).

Defendant proposes one addition to the District's model protective order's definition of confidential information: "It includes. but is not limited, to personnel information relating to non-parties." ECF 42 at 6. While this clarification is perhaps superfluous, it is reasonable in light of Defendant's anticipated production of confidential personnel information in response to Plaintiff's

discovery requests. This added language has absolutely no negative impact on Plaintiff's access to documents produced by Defendant or the use of those documents in this litigation. It only serves to ensure Plaintiff's understanding that confidential information related to non-parties is subject to the protections set forth in the protective order and may only be disclosed to certain individuals and for certain purposes. For example, section 12.3 governs the filing of information designated confidential, and section 7.2 lists the individuals to whom a party may disclose confidential information.

Accordingly, the Court **ORDERS** that Defendant may include the proposed language in the Parties' protective order. The Court **FURTHER ORDERS** that Plaintiff shall sign and return the protective order immediately upon receipt from Defendant, and Defendant shall file it for the Court's final approval. Plaintiff's prompt attention to this matter is necessary to his case moving forward in a timely and efficient manner. Plaintiff's failure to execute the protective order will allow Defendant to suspend its document production, will delay Plaintiff's receipt of documents and will reduce the time for depositions. The current schedule for summary judgment briefing, already extended once, will not be extended further due to unreasonable delays by either Party.

**SO ORDERED.**

Dated: June 27, 2019

SUSAN VAN KEULEN
United States Magistrate Judge